UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
NORTHERN DIVISION

| | |
|---|---|
| KENNETH CASE, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 2:04CV78SNL |
| ) | |
| TEVA PHARMACEUTICALS USA, INC., ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM AND ORDER

Plaintiff has filed this one-count employment action alleging wrongful discharge under Missouri law in retaliation for having engaged in "whistle-blowing" activities.[1] This matter is before the Court on the defendant's motion to dismiss (#8), filed December 29, 2004. Responsive pleadings have all now been filed and the matter is ready for disposition.

Defendant contends that plaintiff cannot maintain his lawsuit, as a matter of law, because during the relevant time-period plaintiff was a "contract" employee. Defendant argues that as a contract employee, plaintiff is not entitled to the public policy exception to Missouri's wrongful discharge statute; thus, plaintiff has no state law cause of action for wrongful discharge. Plaintiff contends that he is an "at-will" employee and therefore is entitled to application of the public policy exception to the at-will doctrine; thus, he has a state law cause of action for wrongful discharge. After careful consideration of the matter, the Court will grant the defendant's motion

---

[1]This cause of action is in federal court on diversity jurisdiction. At the time of the filing of the complaint, plaintiff was a resident of Calloway County, Missouri and defendant is a Delaware corporate wholly-owned subsidiary of Teva Pharmaceutical Industries, Ltd., an Israeli company.

It is undisputed that during plaintiff's period of employment with defendant, he was subject to a collective bargaining agreement (CBA). Defendant contends that, pursuant to the terms of this CBA, plaintiff was a contract employee, and thus, has no state law cause of action for wrongful discharge.

Under Missouri law, employees who do not have a contract for a definite period of time and who can be discharged for cause, or without cause, are considered "employees-at-will". Amaan v. City of Eureka, 615 S.W.2d. 414, 415 (Mo. 1981); Faust v. Ryder Commercial Leasing & Services, 954 S.W.2d. 383, 389 (Mo.App. 1997) *citing* Amaan, *supra.* "Under Missouri's employment at will doctrine an employer can discharge - - for cause or without cause - - an at will employee who does not otherwise fall within the protective reach of a contrary statutory provision and still not be subject to liability for wrongful discharge." Faust, at 389 *quoting* Dake v. Tuell, 687 S.W.2d. 191, 193 (Mo. 1985); *see also*, Egan v. Wells Fargo Alarm Serv., 23 F.3d. 1444, 1445 n.1 (8th Cir. 1994); Nichols v. American National Ins. Co., 945 F.Supp. 1242, 1245 n.2 (E.D.Mo. 1996). However, Missouri courts have carved out a narrow exception to the employee at-will doctrine; i.e., Missouri recognizes a wrongful discharge cause of action under a "public policy" exception to the at-will employment doctrine. *See*, Egan, at 1445 n.1; Schweiss v. Chrysler Motors Corp., 922 F.2d. 473, 474 (8th Cir. 1990); Faust, at 389; Adcock v. Newtec, Inc., 939 S.W.2d. 426, 428 (Mo.App. 1997); Shawcross v. Pyro Products, 916 S.W.2d. 342, 343 (Mo.App. 1996).

This public policy exception to the at-will employment doctrine is only applicable if the discharged plaintiff was an at-will employee. Contractual employees, those employed for a "definite term" and who cannot be discharged without just cause, have no state law cause of action for wrongful discharge; and cannot fall within the public policy exception to the at-will

employment doctrine. Egan, at 1446; Nichols, at 1245-46; Luethans v. Washington University, 894 S.W.2d. 169, 172 (Mo. 1995); Misischia v. St. John's Mercy Medical Center, et. al., 30 S.W.3d. 848, 862 (Mo.App. 2000); Adcock, at 428.

In Egan, *supra.*, the Eighth Circuit considered whether, under Missouri law, an employee subject to a CBA who alleges retaliatory discharge for engaging in "whistle-blowing" activities has a cause of action for wrongful discharge under the public policy exception to the at-will employment doctrine. A plaintiff sued his employer claiming that he had been wrongfully terminated in retaliation for engaging in whistle-blowing activities in violation of Missouri's public policy exception to the at-will employment doctrine. Egan, *supra.* The plaintiff conceded that contract employees have no state law cause of action for wrongful discharge; however, he asserted that he was an at-will employee because his union CBA failed to specify a term of employment, and furthermore, lacked specific language limiting the employer's discharge rights to instances in which it would demonstrate "just cause". Egan, at 1446.

The Eighth Circuit rejected both of the plaintiff's arguments. It found that the CBA did specify a definite term of employment because it granted non-probationary employees like Egan "protection during the three-year term of the union contract by providing `continued employment' of union members (Article II); protection against `lockouts' (Article VII, Section 1); seniority rights relating to filling vacancies, job creations, decreases in force, layoffs and rehiring after layoffs (Article VIII); wage protections and other benefits (Article XI, XII); and procedures for employees to grieve alleged violations by Wells Fargo of its obligations under the agreement (Article XIII)." Egan, at 1446-47. The Court further found that although the CBA did not have an explicit "just cause" or "good cause" provision, such a provision was implied by the CBA because it provided that non-probationary union employees, unlike probationary employees, could

-3-

not be terminated at-will or without good cause. Egan, at 1446-47. The Egan Court affirmed the district court's holding that plaintiff was not an at-will employee, but rather a contract employee who was not subject to the public policy exception to Missouri's at-will employment doctrine. Id., *supra.*

In the present case, the CBA[2] provides the two essential terms for classifying the plaintiff as a contract employee. Firstly, similar to the CBA in Egan, *supra.*, this CBA grants non-probationary union employees such as plaintiff Case job protection during the three-year term of the agreement by providing "continued employment" of union members (Article 2); protection against "lockouts" (Article 24); seniority rights relating to filling job vacancies, job creations, decreases in force, layoffs and rehiring after layoffs (Article 7); wage protections and other benefits (Article 27, Article 36); and procedures for employees to grieve alleged violations by defendant Teva of its obligations under the agreement (Article 10).

Secondly, unlike the CBA in Egan, *supra.*, this CBA has an explicit, express "just cause" provision. Article 9 clearly states that defendant "will not discharge, suspend, or discipline without just cause." Thus, as the Egan Court found, "a worker's employment appears to continue for the duration of that collective bargaining agreement (a `definite term'), so long as he remains a union member in good standing, and so long as he is not discharged for just cause." Id., at 1447. Such a worker is deemed a contract employee, not one at-will. Id., at 1447.

Plaintiff contends that Egan is not applicable to the present situation because the subject CBA does not provide plaintiff Case with "absolute job security" and also fails to contain any language which waives the employee's right to pursue state law tort claims. Such failures are not

---

[2]Plaintiff has filed a complete copy of the subject CBA as an exhibit to its responsive pleading.

fatal. Nowhere in Egan did the Court require such factors to be present in order to find that an employee subject to the terms of a CBA is a contract employee. Plaintiff fails to cite a single case which supports his argument.

Viewed as a whole, this Court finds that the subject CBA clearly articulates plaintiff Case's status as a contract employee for purposes of his wrongful discharge claim. As a contract employee, Missouri law does not allow for plaintiff to maintain a cause of action for wrongful discharge.

Plaintiff also argues that dicta in Egan provides for applicability of the public policy exception if a contract employee can identify a statute protecting him/her from discharge. In the present situation, plaintiff Case asserts that because OSHA provides him with statutory authority to bring a retaliatory discharge claim, he can maintain his state law wrongful discharge claim. Plaintiff is in error. OSHA does not create a private cause of action for retaliatory discharge. Only the Secretary of Labor can bring an action against an employer for terminating an employee in violation of OSHA's anti-retaliation provision. *See*, Shawcross, at 344; 29 U.S.C. §651 *et. seq.*

Finally, the plaintiff argues that this Court should ignore the rulings of Egan and cites several cases in which the public policy exception to Missouri's at-will employment doctrine was applied. None of the plaintiff's cases are applicable in the instant situation for two (2) reasons: firstly, the exception was applied in those cases wherein there was no question that the employee was an "at-will" employee[3]; and secondly, the issue was not the interpretation and application of a CBA to qualify the status of the employee (i.e., contract or at-will) but whether a plaintiff's

---

[3]Schweiss, *supra.* and Shawcross, *supra.*

statutory or tort action for wrongful discharge was preempted by §301 of the Labor Management Relations Act of 1947 (LMRA), 29 U.S.C.§185(a)[4].

Finally, the plaintiff argues that this Court should ignore Egan, *supra.* because the Eighth Circuit wrongly chose to decline to follow the opinion in Norris v. Hawaiian Airlines, 842 P.2d. 634 (1992) in which the Hawaii Supreme Court held that the Hawaii Whistleblower's Protection Act protected both unionized contract employees and at-will employees from being discharged in violation of public policy. This Court is not inclined to follow the reasoning of another state's state court opinion, especially in light of Eighth Circuit and Missouri state court opinions addressing the issue presently before this Court. Furthermore, the Court agrees with the reason that the Eighth Circuit Court distinguished Norris; i.e. that the plaintiff (Egan) could not point to a **statute** protecting him from discharge. The same exists here, plaintiff Case cannot point to a statute which accords him the protection from discharge he seeks. There is no Missouri statute, and Missouri law so stipulates, which accords a contract employee such as Case, a private cause of action for retaliatory discharge actions under a public policy exception.

During the relevant time-period, plaintiff was not an "at-will" employee. By the terms of the applicable CBA, plaintiff was a contract employee. As a contract employee, plaintiff does not fall within the purview of the public policy exception to Missouri's at-will employment doctrine, and thus, cannot maintain a cause of action for wrongful discharge under Missouri law. The Court will grant the defendant's motion to dismiss.

Accordingly,

---

[4]Lingle v. Magic Chef, 486 U.S. 399 (1988); Cook v. Hussmann Corp., 852 S.W.2d. 342 (Mo. 1993).

**IT IS HEREBY ORDERED** that defendant's motion to dismiss (#8) be and is **GRANTED.** Plaintiff's complaint is hereby **DISMISSED WITH PREJUDICE** in its entirety.

Dated this   28th   day of June, 2005.

_____
SENIOR UNITED STATES DISTRICT JUDGE